IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITESH PATEL | CRIMINAL ACTION<br>NO. 15-00157-1 |

**PAPPERT, J.**                                                                                          **July 14, 2020**

**MEMORANDUM**

    Mitesh Patel asks the Court to grant him compassionate release or, in the alternative, convert his prison sentence to a term of home confinement. Because extraordinary reasons do not warrant compassionate release and the Court lacks authority to convert Patel's prison term to one of home confinement, the Court denies the Motion.

I

    In 2018, Patel pleaded guilty to filing a false tax return and conspiring to distribute opiates and launder money. *See* (Judgment 1, ECF No. 289). He committed these crimes while working as a registered pharmacist in the Philadelphia area. From that position of trust, Patel flooded the community with almost 500,000 illicit, highly addictive Oxycodone pills. *See* (Plea Agreement, ¶ 9(a), (b), ECF No. 166). He also laundered almost $1 million in drug proceeds and cheated the government of more than $180,000 in taxes. *See* (Gov't Sentencing Mem. 6–10, ECF No. 165). Patel knew the devastation his crimes would inflict; he just wanted the money to support his extravagant lifestyle. *See* (Sentencing Tr. 75–77, ECF No. 302).

    After granting the government's motion to depart downward from the advisory guideline range, the Court sentenced Patel to 180 months' incarceration. *See*

(Judgment 2). So far, he has served about thirty-two months in prison at FCI Fort Dix in New Jersey. *See* (Mot. for Release Ex. A, at 1, ECF No. 317). With credit for good behavior, Patel is on track to be released from prison in August of 2030. (*Id.*)

A few years before his conviction, Patel was diagnosed with three heart conditions: mitral valve prolapse, mitral valve disorder and non-rheumatic mitral regurgitation. *See* (Mot. for Release Ex. J, at 1–3). His doctor at the time did not prescribe any medication or recommend any lifestyle changes aside from warning "against power weight lifting." (*Id.* at 3.) At sentencing, Patel's conditions were asymptomatic and did not require treatment. *See* (Sentencing Tr. 85). Last year, a prison doctor characterized Patel's conditions as "mild" and "asymptomatic." (Gov't Resp. 17–18, ECF No. 325.) Although another doctor suspected that Patel "may have Marfan syndrome," neither that doctor nor any other ever diagnosed Patel with that malady. (Mot. for Release 10.)

Following the onset of the COVID-19 pandemic, Patel submitted a request for compassionate release to the warden of FCI Fort Dix. *See* (Mot. for Release 5). After thirty days passed with no response, Patel moved the Court to either grant him compassionate release or convert his prison term to one of home confinement, where he would live with his parents, fiancée and young daughter. *See* (*id.* at 15, 18). While this Motion was pending, the warden denied Patel's request for compassionate release. *See* (Gov't Resp. 6). In the denial, the warden noted that Patel's medical records revealed that he was "medically stable" and did "not have any risk factors for severe illness from complication[s] associated with COVID-19." (*Id.*)

## II

A district court may reduce an inmate's sentence as a form of compassionate

release if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."₁ 18 U.S.C. § 3582(c)(1)(A).  Before doing so, however, a court must "consider[] the factors set forth in section 3553(a)."  *Id.*  Relevant factors include, among others, "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense."  *Id.* § 3553(a)(1), (2)(A).

Patel argues that his heart conditions together with the ongoing COVID-19 pandemic merit compassionate release.  *See* (Mot. for Release 14–18).  He claims that those conditions put him "at significant risk of contracting and developing severe complications from . . . COVID-19."  (*Id.* at 1.)  Given the prevalence of COVID-19 cases at FCI Fort Dix—fifty-seven cases as of late May and fourteen current cases—and the inherent risk of transmission in prison environments, Patel reasons that extraordinary and compelling reasons justify his release.  *See* (*id.* at 3–8, 14–18); COVID-19 Coronavirus, Federal Bureau of Prisons, http://www.bop.gov/coronavirus/ (last visited July 10, 2020).

The Court disagrees.  Other that his heart conditions, Patel is a healthy thirty-nine-year-old.  *See* (Mot. for Release Ex. J, at 1–3); (Sentencing Tr. 85); (Gov't Resp. 17–18).  And those conditions are, according to Patel's doctors, "mild" and "asymptomatic."  (*Id.*)  Patel does not dispute this characterization.  *See generally* (Mot. for Release).  Nor does he claim to have suffered any symptoms or other health problems in recent

---

[1]     A prisoner may move for compassionate release only after: (1) fully exhausting "all administrative rights to appeal" the Bureau of Prisons's failure to move for such release on his behalf, or (2) thirty days have lapsed since the Bureau received the prisoner's request for release.  18 U.S.C. § 3582(c)(1)(A).  The government concedes that Patel has satisfied "his administrative relief obligations."  (Gov't Resp. 12 n.2.)

months.  *See* (*id.* at 9–10).  Simply put, there is no evidence that Patel's mild heart conditions put him at greater risk of contracting or developing complications from COVID-19.  *See* Coronavirus Disease 2019, *People of Any Age with Underlying Medical Conditions*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 10, 2020).  Without that evidence, the Court cannot find that extraordinary and compelling reasons warrant Patel's release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if Patel had serious rather than mild heart conditions, the § 3353(a) factors counsel against releasing him.  Patel has served less than three years of a fifteen-year sentence.  *See* (Mot. for Release Ex. A, at 1).  He earned that sentence by flooding the community with almost 500,000 highly addictive pills.  Releasing him with eighty percent of his sentence unserved would undermine the need for his sentence "to reflect the seriousness of the offense."  18 U.S.C. § 3553(a)(2)(A); *see United States v. Pawlowski*, --- F. App'x ----, No. 20-2033, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (unpublished).  And when Patel committed his crimes, he was a well-educated, financially secure pharmacist from a stable home.  *See, e.g.*, (Sentencing Tr. 75–77).  Despite these advantages and knowing the grievous harm his crimes would inflict, Patel endangered the community to fund his lavish lifestyle.  *See* (*id.*)  Allowing him to evade a decade of imprisonment would ignore his "history and characteristics" and undermine "respect for the law."  18 U.S.C. § 3553(a)(1), (2)(A).

Nor can the Court convert Patel's prison term into one of home confinement. Congress has invested the Bureau of Prisons—not the courts—with the discretion to

5

determine whether home confinement is appropriate for a given prisoner. *See* 18 U.S.C. § 3624(c)(2); *United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Congress did not provide the courts with the authority to release inmates into home confinement . . . ."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) (same); *see also United States v. Tapia*, 564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

    An appropriate Order follows.

                                                                                          BY THE COURT:

                                                                                       ***/s/ Gerald J. Pappert***
                                                                                       GERALD J. PAPPERT, J.