## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITESH PATEL | CRIMINAL ACTION<br>NO. 15-00157-1 |

**PAPPERT, J.**                                                          **June 28, 2021**

### MEMORANDUM

Mitesh Patel seeks for the second time compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court denies the Motion because extraordinary or compelling reasons do not warrant Patel's release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

The Court detailed the factual and procedural history of this case in its Memorandum denying Patel's first Motion for Compassionate Release.  *See* (July 14, 2020 Mem., ECF 328).  In short, Patel was sentenced to 180 months' imprisonment after he pleaded guilty to filing a false tax return, conspiring to distribute oxycodone and conspiring to launder money.  (*Id.* at 1); (Judgment 1–2, ECF 289.)  He abused his position as a registered pharmacist in the Philadelphia area to divert oxycodone pills into the community using fraudulent prescriptions.  (Gov't Resp. to First Mot. for Release 2–4, ECF 325.)  He laundered almost one million dollars in drug proceeds and cheated the government out of over $180,000 in taxes.  (*Id.* at 4); (July 14, 2020 Mem. 1.)

Patel first moved for compassionate release in May of 2020 arguing, *inter alia*, that he faced an increased risk of contracting and experiencing serious complications from COVID-19 because of conditions at his prison and his three heart conditions, mitral valve prolapse, mitral valve disorder and non-rheumatic mitral regurgitation. (First Mot. for Release 14–18, ECF 317.)  A prison doctor described all three as "mild" and "asymptomatic."  (July 14, 2020 Mem. 2–3.)  He also claimed the 18 U.S.C. 3553(a) sentencing factors supported his release.  *See* (First Mot. for Release 15–17).  The Court denied the Motion on July 14, explaining there was no evidence Patel's mild heart conditions put him at greater risk of contracting or experiencing complications from COVID-19 and aside from his heart conditions, Patel was a healthy thirty-nine-year-old.  (July 14, 2020 Mem. 3–4.)  The Court also explained the § 3353(a) factors counseled against releasing Patel because he had served approximately twenty percent of a sentence he earned by endangering the community to further his already secure financial position.  (*Id.* at 4.)  Patel's release in July of 2020 would have ignored his history and characteristics, failed to promote respect for the law and resulted in a sentence that did not reflect the seriousness of Patel's offense.  (*Id.*)

B

Patel now again seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues "dire changes in his medical circumstances," purportedly deteriorating conditions at his prison and his "personal growth and post-offense rehabilitation" now warrant relief.  *See* (Second Mot. for Release 1–2, ECF 335).  He claims his clean prison disciplinary record, engagement with BOP educational programs and mentorship to peers demonstrate his growth and rehabilitation.  (*Id.* at 7, Ex. H.)  He further claims

the "dire changes" in his health include that he was diagnosed with a new heart condition in September of 2020 and that he reported in a "symptom journal" and to doctors that on various occasions between June of 2020 and January of 2021 he experienced, *inter alia*, chest pain, shortness of breath, rapid heartbeat and palpitations. (*Id.* at 1–3, Ex. A, Ex. D.) He also tested positive for COVID-19 in December of 2020 and says he continues to suffer from various symptoms "as a direct result" of contracting the virus, which he also documented in his symptom journal. (*Id.* at 2–3.) He alleges "COVID-19 exacerbated his cardiac symptoms of shortness of breath, chest pain, and palpitations/rapid heartbeat." (*Id.* at 3.)

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Before releasing an inmate, a court must also "consider [] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense" and provide "just punishment" for it. *Id.* § 3553(a)(1), (2)(A).

B

Patel's medical records do not corroborate his journal entries claiming his health has taken a dire turn. None of the records provided to the Court indicate he was diagnosed with a new heart condition during or after September of 2020. Records that discuss Patel's heart conditions from and after September 2020 describe them as "mild" and "asymptomatic." *See* (Gov't Ex. A 5, 40, 44, ECF 338); (Mot. for Release Ex. C, Ex.

3

E).  And the only record provided discussing Patel's COVID-19 experience says he denied having symptoms.  *See* (Gov't Ex. A 1).

Patel also received the first dose of the Pfizer COVID-19 vaccination on March 23, (Gov't Ex. A 30); (Pl.'s Reply 1, ECF 345), and the Government represents he was scheduled to receive a second dose several weeks later.  (Gov't Response to Second Mot. for Release 1–2, ECF 337.)  None of this demonstrates that Patel faces an increased risk of developing complications from COVID-19 because of his health.  *See, e.g.*, *United States v. Abreu*, No. 5:16-cr-00233, 2021 WL 1884788, at *5 (E.D. Pa. May 11, 2021) ("Abreu's COVID-19 vaccination reduces the risks presented by COVID-19 and further militates against a finding of extraordinary and compelling reasons for his release"); *United States v. Sturgell*, No. 15-120, 2021 WL 1731787, at *7 (E.D. Pa. May 3, 2021) (finding no extraordinary or compelling reasons to grant compassionate release where defendant presented no CDC COVID-19 risk factors, previously contracted COVID-19 and denied having symptoms and "[m]ost importantly, . . . already received the first dose of the Pfizer COVID-19 vaccine and is scheduled to receive a second dose"); *United States v. Roper*, No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("[T]he [BOP] medical staff is actively treating and successfully managing Mr. Roper's conditions, and, perhaps most importantly, the Bureau provided the first of two vaccination shots several weeks ago and no one suggests delay in the second shot.  Mr. Roper does not present an extraordinary and compelling reason for his release."); *United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *3 (E.D. Pa. Mar. 5, 2021) ("Ulmer's request for compassionate release has no merit in fact or law.  He presents

minor health concerns and his recovery from COVID-19 and vaccination significantly outweigh any issues at FPC Lewisburg.").

C

Even if extraordinary and compelling reasons did exist for Patel's release, for the same reasons the Court explained in its July 14, 2020 Memorandum the 18 U.S.C. § 3353(a) factors still counsel against releasing him. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). That he has served approximately one additional year in prison since his last Motion does not move the needle—releasing him now would still allow him to evade most of his well-deserved sentence.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.